IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK MCCLUNG,

    Plaintiff,

vs.          No. CIV 12-0418 JB/ACT

STATE OF NEW MEXICO
DONA ANA COUNTY
THIRD JUDICIAL DISTRICT
JUDGE LISA C. SCHULTZ,[1]

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2), and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 20, 2012 (Doc. 1)("Complaint"). Plaintiff Frank McClung is incarcerated, appears pro se, and is proceeding in forma pauperis. Having reviewed the Complaint, the Court concludes that dismissal of the Complaint is appropriate.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting

---

[1]Although the caption might be read as naming several entity defendants, the text of Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 20, 2012 (Doc. 1), refers to, and contains allegations against, only Defendant Judge Lisa C. Schultz. The Court will then assume that she is the only defendant.

McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing McClung's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

During McClung's state criminal proceeding, he asked for an order allowing him access to a law library to prepare a motion to dismiss his attorney. He put his request in a letter to Defendant Lisa C. Schultz, a New Mexico State District Judge, but never received a reply. McClung contends that Judge Schultz's failure to act on his letter denied him access to a law library. As a result, he received inadequate representation and an illegal sentence. McClung's Complaint does not specify the relief that he seeks.

To the extent McClung's claims are for damages, no relief is available against Judge Schultz. "It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." Wiggins v. N.M. State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981). Cf. Garrett v. Albert, 111 F.App'x 997, 998 (10th Cir. 2004)(unpublished)(affirming immunity from a claim that a judge "denied Plaintiff's request to be represented by a non-lawyer"). A judge taking actions to address parties' request during litigation is a judicial function that is within the apparent scope of a judge's judicial duties. See Garrett v. Albert, 111 F.App'x at 998. The Court will therefore dismiss McClung's claim for damages against Schultz as frivolous under 28 U.S.C. § 1915(e)(2).

Second, to the extent McClung asserts his claim as grounds for a reduced sentence or release from custody, he must bring this claim in a habeas corpus proceeding. See Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)(citing McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811

(10th Cir. 1997))("[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus."). "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence," it follows that "[s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." Nelson v. Campbell, 541 U.S. 637, 643 (2004)(citing 42 U.S.C. § 1983; Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). McClung may not prosecute a claim for sentence reduction or release in a 42 U.S.C. § 1983 action, and, to the extent he seeks a reduced sentence or release from custody, the Court will dismiss the claim without prejudice to his right to pursue such relief under the habeas corpus statutes. As the Court has discussed previously, it is the preferred course of action to dismiss without prejudice a 42 U.S.C. § 1983 claim that should have been brought in a habeas proceeding rather than to permit amendment of the plaintiff's pleadings. See Smith v. WNMCF, No. 11-0934, 2012 WL 1190261, at *4 (D.N.M. Mar. 31, 2012)(Browning, J.)("The Supreme Court in Edwards v. Balisok[, 520 U.S. 641 (1997)] directly states that dismissal is the preferred route . . . . Consequently, the Court will dismiss this action without prejudice."). See also 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").[2]

---

[2] On May 23, 2012, the Honorable Alan C. Torgerson, United States Magistrate Judge, issued an Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), and to Make Payments or Show Cause. See Doc. 7 ("In Forma Pauperis Order"). Judge Torgerson permitted McClung to proceed in forma pauperis but required McClung pay "an initial partial payment of $2.70 pursuant to § 1915(b)(1)" and, "after payment of the initial partial fee, . . . monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account." In Forma Pauperis Order at 1-2. Judge Torgerson stated that McClung could show cause if he could not afford these monthly payments. See In Forma Pauperis Order at 2. On June 26, 2012, McClung filed a response to the In Forma Pauperis Order. See Letter from Frank McClung to Clerk of Court (dated June 22, 2012), filed June 26, 2012 (Doc. 8)("Letter"). McClung states that he cannot afford the payment plan and that he does not "want to have any money taken from me or my account, I just cannot afford this." Letter at 2. The issue whether McClung can proceed in forma pauperis has no impact

**IT IS ORDERED** that, to the extent McClung asserts a claim for reduced sentence or release from custody, this claim is dismissed without prejudice to his right to pursue relief under the habeas corpus statutes. Otherwise the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 20, 2012 (Doc. 1), is dismissed with prejudice; any pending motions are denied as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Frank McClung
Dona Ana County Detention Center
Las Cruces, New Mexico

     *Plaintiff pro se*

---

on the Court's disposition of his Complaint, because the Court resolves his Complaint on its merits rather than on the basis of any issues regarding his ability to proceed in forma pauperis.